UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**OUTSOURCING FACILITIES ASSOCIATION, ET AL.,**

   Plaintiffs,

v.                                   No. 4:24-cv-00953-P

**UNITED STATES FOOD AND DRUG ADMINISTRATION, ET AL.,**

   Defendants.

## ORDER

   Before the Court is the Federal Defendants' Unopposed Motion to Stay Pending Appeal. ECF No. 104. In their motion, the Federal Defendants contend that a stay pending the outcome of the appeal of the denial of Plaintiffs' motion for preliminary injunction could "streamline issues for dispositive motions." *Greco v. Nat'l Football League*, 116 F. Supp. 3d 744, 761 (N.D. Tex. 2015) (Lynn, J.). Maybe, or maybe a stay would delay a final decision in this case for several years.

   On January 6, 2025, the Court, recognizing the need for expediency, proposed that the impending motion for preliminary injunction be converted to a motion for summary judgment pursuant to Federal Rule of Civil Procedure 65. ECF No. 51. At the January 14, 2025 hearing, the Parties demurred, asserting that they would need the administrative record, which had not yet been completed, in order to draft dispositive motions. The Court agreed to proceed with the preliminary injunction but stated, at the hearing and in the order setting a briefing schedule, that "[a]fter making a determination on the motion for preliminary injunction, the Court plans to order the Parties to brief their summary judgment motions **on an expedited basis**." ECF No. 62 (emphasis added). The Court did just that. ECF No. 102. And the Parties' dispositive motions will be fully briefed by April 18, 2025. *Id.*

The administrative record has now been produced. Proceeding to the merits of the case, by ruling on the Parties' summary judgment motions, will allow the Fifth Circuit to resolve the entirety of the case in one go, rather than ping-ponging back and forth for the next few months or years.[1] Based on the current briefing schedule, the Court plans to rule on the Parties' motions for summary judgment by the end of April. Moreover, considering this, and also noting that there are currently nineteen attorneys of record in this case, the Court is confident that the dispositive motions will be timely and thoroughly prepared. Therefore, the Court does not anticipate any continuances of the dispositive-motion deadline will be granted. Consequently, in the interest of expediency and judicial economy, the Motion to Stay Pending Appeal (ECF No. 104) is **DENIED**.

**SO ORDERED** on this **17th day of March 2025.**

MARK T. PITTMAN
UNITED STATES DISTRICT JUDGE

---

[1] The undersigned was recently mandamused and held to have "clearly abused its discretion" by the Fifth Circuit for not acting "promptly" to resolve a motion for preliminary injunction within ten days. *See In re Fort Worth Chamber of Com.*, 100 F.4th 528, 534 (5th Cir. 2024) ("[T]he district court did not act promptly with regard to the . . . motion for a preliminary injunction"). With this admonition in mind, the Court is reticent to expose itself to such criticism again. In the end, a district court has broad discretion and inherent authority to manage its docket. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962) (holding that trial courts possess inherent power to "manage their own affairs so as to achieve an orderly and expeditious disposition of cases").