UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**OUTSOURCING FACILITIES ASSOCIATION, ET AL.,**

  Plaintiffs,

v.   No. 4:24-cv-00953-P

**UNITED STATES FOOD AND DRUG ADMINISTRATION, ET AL.,**

  Defendants.

## ORDER

  Before the Court is the Parties' Joint Motion to Convert Order Denying Preliminary Injunction into a Final Judgment. On March 5, 2025, the Court entered its order denying Plaintiffs' Motion for Preliminary Injunction and Stay. ECF No. 100. On March 7, 2025, the Court set a summary judgment briefing schedule. ECF No. 102. Subsequently, Plaintiffs filed an interlocutory appeal challenging the Court's order that denied their Motion for Preliminary Injunction. ECF No. 103. The Parties now move the Court to convert its order denying Plaintiffs' Motion for Preliminary Injunction into a judgment on the merits to effectuate a streamlined appellate review.

  In their Motion, the Parties provide that the administrative record became available to them during the briefing on the preliminary injunction motion and that they were "able to present arguments based on the administrative record." ECF No. 108 at 2. The Parties' Motion further states that because the record was available to them at the preliminary injunction stage, the "positions to be presented on the merits prior to final judgment will not be materially different from those positions they presented in their preliminary-injunction briefing." *Id.*

  Moreover, in its prior order, the Court stated that Plaintiffs had not raised their statutory interpretation claim under *Loper Bright* and, thus, the Court would not address it. However, in the Parties' Motion,

Plaintiffs aver that, while they did not explicitly mention *Loper Bright*, their statutory arguments were presented and the Court addressed them. ECF No. 108 at 2 n.1. Additionally, just as is the case with their other claims, Plaintiffs provide that "their statutory positions will not materially change prior to final judgment on the merits." *Id.* Thus, as far as the Parties are concerned, Plaintiffs' statutory interpretation claim was adequately addressed in the preliminary injunction briefing and the Court's order on the same.

Given the significant number of people who will be affected by this matter, the Court does not wish to give (or even appear to give) short shrift to the Parties' arguments and positions. The Court has not had the opportunity to exhaustively review the administrative record and is reluctant to rule on the merits without allowing the Parties to present any evidence that they feel bolsters their respective positions. Therefore, in an abundance of caution, the Court finds it appropriate to **SET** a hearing on this Motion for **2:00 p.m. on Thursday, March 27, 2025**, in the Fourth-Floor Courtroom of the Eldon B. Mahon United States Courthouse. Furthermore, it is **ORDERED** that the Parties shall submit, **on or before 5:00 p.m. on Tuesday, March 25, 2025,** any excerpts from the administrative record that they wish the Court to see prior to the entry of a judgment on the merits. Finally, it is **ORDERED** that the summary judgment briefing schedule previously set by the Court is hereby extended seven days.

**SO ORDERED** on this **20th day of March 2025.**

MARK T. PITTMAN
UNITED STATES DISTRICT JUDGE